## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005, | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 25-cv-3812 |
| U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Lane SW<br>Mail Stop 0485<br>Washington, DC 20528, | ) ) ) ) ) ) | |
| and | ) ) | |
| U.S. CITIZENSHIP AND IMMIGRATION<br>SERVICES,<br>P.O. Box 648010<br>Lee's Summit, MO 64064, | ) ) ) ) ) | |
| *Defendants.* | ) | |

## <u>COMPLAINT</u>

1.      In August, Heather Honey, an "election researcher" and "activist," was appointed by President Trump to serve as Deputy Assistant Secretary for Elections Integrity at the Department of Homeland Security.[1]

2.      Previously, Honey ran a consulting firm focused on investigations and auditing.[2]

---

[1] Ali Swenson, *Researcher Who Has Distorted Voter Data Appointed to Homeland Security Election Integrity Role*, Assoc. Press (Aug. 26, 2025, 4:41 PM), https://apnews.com/article/heather-honey-trump-election-integrity-homeland-security-e00b0dd4df548d317ce2186a3249f6f0.

[2] *See id.*

3.      After the 2020 presidential election, Honey's "election research misrepresented incomplete state voter data to falsely claim that Pennsylvania had more votes reported than voters," and Honey was "involved in the Arizona Senate's partisan audit of election results" that was "described by experts as riddled with errors, bias and flawed methodology."[3]

4.      In September, Deputy Assistant Secretary Honey spoke to election officials from across the country, who were left "alarmed," "confused," and "anxious" by her "echo[ing] rhetoric that has infused the right-wing election activist movement that emerged since President Trump falsely claimed that his 2020 defeat was the result of widespread fraud."[4]

5.      Plaintiff American Oversight has submitted multiple requests to the Department of Homeland Security and U.S. Citizenship and Immigration Services under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to shed light on Deputy Assistant Secretary Honey's hiring, activities, and communications.

6.      Having received no records or determinations in response to its FOIA requests, American Oversight now brings this action against the Department of Homeland Security and United States Citizenship and Immigration Services under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

---

[3] *Id.*
[4] Alexandra Berzon & Nick Corasaniti, *Trump Empowers Election Deniers, Still Fixated on 2020 Grievances*, N.Y. Times, Oct. 22, 2025, https://www.nytimes.com/2025/10/22/us/politics/trump-election-deniers-voting-security.html.

8.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

9.     Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

10.     Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

11.     Defendant U.S. Department of Homeland Security ("DHS") is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The DHS Privacy Office coordinates FOIA requests for several DHS components, including the Office of the Secretary and Deputy Secretary, the Office of the Executive Secretary, the Office of Intergovernmental Affairs, the Management Directorate, the Office of Policy, the Office of Legislative Affairs, and the Office of Public Affairs. DHS has possession, custody, and control of records that American Oversight

seeks.

12.     Defendant U.S. Citizenship and Immigration Services ("USCIS") is a component of DHS, headquartered in Camp Springs, MD, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USCIS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

13.     On September 16, 2025, American Oversight submitted multiple FOIA requests to DHS and USCIS seeking, among other topics, records related to Deputy Assistant Secretary for Elections Integrity Heather Honey.

### *Hiring Materials Request*

14.     American Oversight submitted a FOIA request to DHS (internal tracking number DHS-25-2210) seeking the following records:

1.  Records sufficient to identify all hiring and application materials (including, but not limited to, interview notes, recommendations, cover letters, references, resumes, or curriculum vitae) related to the hiring of Deputy Assistant Secretary for Elections Integrity Heather Honey.

2.  Records sufficient to identify the job description and/or job responsibilities of Deputy Assistant Secretary for Elections Integrity Heather Honey.

15.     On September 18, 2025, DHS acknowledged receipt of the request, assigned the request tracking number 2025-HQFO-06316, conditionally granted American Oversight's request for a fee waiver, and stated that DHS would invoke a 10-day extension for its response to the request.

16.     As of the date of this filing, American Oversight has received no further communication from DHS regarding this FOIA request.

*Honey Communications Request*

17.     American Oversight submitted a FOIA request to DHS (internal tracking number

DHS-25-2211) seeking the following records:

1.  All email communications (including  emails, complete email chains,  calendar invitations, and  attachments  thereto) <u>sent by</u> Deputy  Assistant  Secretary  for  Elections  Integrity  Heather Honey,  or anyone communicating  on  her  behalf, such as  an assistant or scheduler, to any email address ending in .com, .co, .us, .net, .org, .mail, .edu, .law, .legal, .ch, .me, or .group.

    In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American  Oversight  has  limited  its  request  to emails sent by Heather Honey. To be clear, however, American Oversight still requests  that complete email chains  be  produced,  displaying both sent and received messages. This means that both Honey's response to an email from an email address ending in .com and the  initial  received  message  are  responsive  to  this  request and should be produced.

2.  All text messages and messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly  Twitter)  direct  messages,  Facebook  messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL or any app that can interface with an app such as those listed or otherwise borrow its technology) <u>sent or received</u> by Deputy Assistant Secretary for Elections Integrity Heather Honey.

    American  Oversight  requests  that  all  images,  videos,  audio recordings, or other attachments regarding official government business  shared  via  text  message  or  messaging  platforms  be produced in response to this request.

3.  All email communications (including emails, email attachments, complete  email  chains,  calendar  invitations,  and  calendar invitation attachments) <u>between</u> (a) Deputy Assistant Secretary for  Elections  Integrity  Heather  Honey,  and/or  anyone communicating on her behalf, such as an assistant, secretary, and/or scheduler, <u>and</u> (b) any representative of the White House Office (who.eop.gov).

4.  All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> Deputy Assistant Secretary for Elections Integrity Heather Honey, and/or anyone communicating on her behalf, such as an assistant, secretary, and/or scheduler, <u>and</u> containing any of the key terms listed below.

<u>Key Terms:</u>
a.     "Election Integrity Network"
b.     EIN
c.     Cleta
d.     Vieira
e.     Bemis
f.     Toloczko
g.     Engelbrecht
h.     Swoboda
i.     Haury
j.     Womack
k.     Valentine
l.     Hornick
m.     Omega
n.     Fractal
o.     NCEIT
p.     TTV
q.     "True the Vote"
r.     VoteRef
s.     "Vote Ref"
t.     "Voter Reference Foundation"
u.     Haystack
v.     Verity
w.     PFE
x.     "fair elections"
y.     PCQS
z.     "Person Centric Query"
aa.    "Person-Centric Query"
bb.    SAVE
cc.    machine
dd.    "voter challenge"
ee.    "vote challenge"
ff.    "challenge to voter"
gg.    "registration challenge"
hh.    "married women"
ii.    "married woman"
jj.    alien
kk.    migrant

ll.    immigrant
mm.    non-citizen
nn.    "non citizen"
oo.    noncitizen
pp.    undocumented

18.    The request further stated: "In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 4 of this request to emails <u>sent</u> by Heather Honey. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both Honey's response to an email and the initial received message are responsive to this request and should be produced."

19.    The request sought records from June 1, 2025, through the date the search is conducted.

20.    On September 17, 2025, DHS acknowledged receipt of the request, assigned the request tracking number 2025-HQFO-06317, conditionally granted American Oversight's request for a fee waiver, and stated that DHS would invoke a 10-day extension for its response to the request.

21.    As of the date of this filing, American Oversight has received no further communication from DHS regarding this FOIA request.

*Calendars/Ethics Request*

22.    American Oversight submitted a FOIA request to DHS (internal tracking number DHS-25-2212) seeking the following records:

1.    All calendars or calendar entries for Deputy Assistant Secretary for Elections Integrity Heather Honey, including any calendars maintained on her behalf.

American Oversight requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments.

Please do not limit your search to electronic calendars; we request the production of any calendar — paper or electronic, whether on government-issued or personal devices — used to track or coordinate how Honey allocates her time on agency business.

This search should include any calendars associated with [Honey[5]]'s email accounts, as well as any official calendars maintained for her, including by an aide, assistant, or scheduler.

2.  All conflicts or ethics waivers or authorizations for Heather Honey, including authorizations pursuant to 5 C.F.R. § 2635.502.

3.  Records reflecting any recusal determination made or issued for Heather Honey.

4.  Copies of any SF-50 and SF-52 forms for Heather Honey reflecting any change in position or title, including when Honey enters or leaves a position. We have no objection to the redaction of home addresses, telephone numbers, or social security numbers from the SF-50s and SF-52s.

23.    The request sought records created, issued, or in effect from June 1, 2025, through the date the search is conducted.

24.    On September 18, 2025, DHS acknowledged receipt of the request, assigned the request tracking number 2025-HQFO-06318, conditionally granted American Oversight's request for a fee waiver, and stated that DHS would invoke a 10-day extension for its response to the request.

25.    As of the date of this filing, American Oversight has received no further communication from DHS regarding this FOIA request.

---

[5] In the original request, the last name of another individual was inadvertently substituted here for Honey's name. American Oversight only seeks calendars related to Deputy Assistant Secretary of Elections Integrity Heather Honey in this request.

*DHS Official Communications Request*

26.     American Oversight submitted a FOIA request to DHS (internal tracking number

DHS-25-2214) seeking the following records:

1.  All email communications (including emails, email attachments,
    complete email chains, calendar invitations, and calendar
    invitation attachments) <u>sent by</u> any of the officials listed below,
    and/or anyone communicating on their behalf, such as an
    assistant, secretary, and/or scheduler, <u>and</u> containing any of the
    key terms listed below.

    <u>Department of Homeland Security Officials</u>:
    i.      Kristi Noem, Secretary
    ii.     Troy Edgar, Deputy Secretary
    iii.    Joseph Mazzara, Acting General Counsel
    iv.     Tony Pham, Senior Advisor
    v.      Philip Hegseth, Senior Advisor
    vi.     Corey Lewandowski, Special Government Employee
    vii.    Rob Law, Under Secretary, Office of Strategy, Policy,
            and Plans
    viii.   John Gountanis, Deputy Under Secretary, Office of
            Strategy, Policy, and Plans
    ix.     Jason Killmeyer, Chief of Staff, Office of Strategy,
            Policy, and Plans
    x.      Anyone serving as Chief of Staff

    <u>Key Terms</u>:
    a.      Honey
    b.      "Election Integrity Network"
    c.      EIN
    d.      Cleta
    e.      Vieira
    f.      Bemis
    g.      Toloczko
    h.      Engelbrecht
    i.      Swoboda
    j.      Haury
    k.      Womack
    l.      Valentine
    m.      Hornick
    n.      Omega
    o.      Fractal
    p.      Unite4Freedom
    q.      "United Sovereign"

9

r.     NCEIT
s.     TTV
t.     "True the Vote"
u.     VoteRef
v.     "Vote Ref"
w.     "Voter Reference Foundation"
x.     machine
y.     Haystack
z.     Verity
aa.    PFE
bb.    "fair elections"

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 1 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

2.  All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>between</u> any of the DHS officials listed above in part 1, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or scheduler, <u>and</u> (b) any of the external entities or individuals listed below (including the listed email addresses and/or domains).

<u>External Entities and Individuals</u>:
a.     Catherine Engelbrecht (<u>catherine@truethevote.org</u>)
b.     Cleta Mitchell (<u>cleta@cletamitchell.com</u>)
d.     Election Integrity Network (electionintegrity.network, electionintegritynetwork.org, whoscounting.us)
e.     Fractal App (fractalweb.app)
f.     Gina Swoboda (<u>ginaswoboda@hotmail.com</u>, <u>ginaswo@asu.edu</u>, <u>gs@voterreferencefoundation.com</u>, <u>gswoboda@azleg.gov</u>)
g.     Gregg Phillips
h.     Harry Haury
i.     Haystack Investigations (haystackinvestigations.com)
j.     Heather Honey (<u>heather@verityvote.us</u>, <u>hhoney@haystackinvestigations.com</u>, <u>h2osint@protonmail.com</u>)

    i.      James "Jim" Womack (james.k.womack@gmail.com, jameskwomack@gmail.com)

    j.      Jay Valentine (jay@contingencysales.com, jay@omega4america.com, Jay@FractalWeb.App, jayvalentine.com)

    k.     Kerri Toloczko

    k.     Marly Hornik

    l.      Ned Jones

    l.      North Carolina Election Integrity Team (NCEIT) (nceit.org)

    m.    Omega4America (omega4america.com)

    n.     Pennsylvania Fair Elections

    o.     Sara Vieira

    p.     Sharon Bemis

    n.     True the Vote (truethevote.org)

    o.     Unite4Freedom (unite4freedom.com, USA4freedom.org)

    o.     United Sovereign Americans

    p.     Verity Vote (verityvote.us)

    p.     Virginia Institute for Public Policy (virginiainstitute.org)

    q.     Voter Reference Foundation (voteref.com, voterreferencefoundation.com)

Please note that American Oversight does not seek, and this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. In other words, for example, if an official received a mass-distribution news clip email from the Election Integrity Network, that initial email would not be responsive to this request. However, if the official forwarded that email with commentary, that subsequent message would be responsive to this request and should be produced.

27.    The request sought records from June 1, 2025, through the date the search is conducted.

28.    On September 19, 2025, DHS acknowledged receipt of the request, assigned the request tracking number 2025-HQFO-06320, conditionally granted American Oversight's request for a fee waiver, and stated that DHS would invoke a 10-day extension for its response to the request.

29.    As of the date of this filing, American Oversight has received no further
communication from DHS regarding this FOIA request.

*USCIS Official Communications Request*

30.    American Oversight submitted a FOIA request to USCIS (internal tracking number
DHS-USCIS-25-2215) seeking the following records:

> 1.   All email communications (including emails, email
> attachments, complete email chains, calendar invitations, and
> calendar invitation attachments) <u>sent by</u> any of the officials
> listed below, and/or anyone communicating on their behalf,
> such as an assistant, secretary, and/or scheduler, <u>and</u> containing
> any of the key terms listed below.
>
> <u>U.S. Citizenship and Immigration Services Officials</u>:
> i.     Joseph Edlow, Director
> ii.    Angelica Alfonso-Royals, Deputy Director
> iii.   Aaron Calkins, Chief of Staff
> iv.    Timothy Kaiser, Deputy Chief of Staff
> v.     Heather Martin, Acting Deputy Chief of Staff for
>        Operations
> vi.    Larry DeNayer, Acting Associate Director, Immigration
>        Records and Identity Services Directorate
> vii.   Timothy Benz, Verification Division, SAVE Program
>
> <u>Key Terms</u>:
> a.     Honey
> b.     "Election Integrity Network"
> c.     EIN
> d.     Cleta
> e.     Vieira
> f.     Bemis
> g.     Toloczko
> h.     Engelbrecht
> i.     Swoboda
> j.     Haury
> k.     Womack
> l.     Valentine
> m.     Hornick
> n.     Omega
> o.     Fractal
> p.     Unite4Freedom
> q.     "United Sovereign"

r.      NCEIT
s.      TTV
t.      "True the Vote"
u.      VoteRef
v.      "Vote Ref"
w.      "Voter Reference Foundation"
x.      machine
y.      Haystack
z.      Verity
aa.      PFE
bb.      "fair elections"

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 1 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

2. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>between</u> any of the [USCIS[6]] officials listed above in part 1, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or scheduler, <u>and</u> (b) any of the external entities or individuals listed below (including the listed email addresses and/or domains).

   <u>External Entities and Individuals</u>:
   a.      Catherine Engelbrecht (catherine@truethevote.org)
   b.      Cleta Mitchell (cleta@cletamitchell.com)
   c.      Election Integrity Network (electionintegrity.network, electionintegritynetwork.org, whoscounting.us)
   d.      Fractal App (fractalweb.app)
   e.      Gina Swoboda (ginaswoboda@hotmail.com, ginaswo@asu.edu, gs@voterreferencefoundation.com, gswoboda@azleg.gov)
   f.      Gregg Phillips
   g.      Harry Haury
   h.      Haystack Investigations (haystackinvestigations.com)

---

[6] American Oversight inadvertently said "DHS officials" in this request. The request is referring to the USCIS officials listed above.

| | | |
|---|---|---|
| i. | Heather | Honey | (heather@verityvote.us, hhoney@haystackinvestigations.com, h2osint@protonmail.com) |

i.      Heather Honey (heather@verityvote.us, hhoney@haystackinvestigations.com, h2osint@protonmail.com)

j.      James "Jim" Womack (james.k.womack@gmail.com, jameskwomack@gmail.com)

k.      Jay Valentine (jay@contingencysales.com, jay@omega4america.com, Jay@FractalWeb.App, jayvalentine.com)

l.      Kerri Toloczko

m.    Marly Hornik

n.     Ned Jones

o.     North Carolina Election Integrity Team (NCEIT) (nceit.org)

p.     Omega4America (omega4america.com)

q.     Pennsylvania Fair Elections

r.      Sara Vieira

s.      Sharon Bemis

t.      True the Vote (truethevote.org)

u.     Unite4Freedom (unite4freedom.com, USA4freedom.com)

v.     United Sovereign Americans

w.    Verity Vote (verityvote.us)

x.     Virginia Institute for Public Policy (virginiainstitute.org)

y.     Voter Reference Foundation (voteref.com, voterreferencefoundation.com)

Please note that American Oversight does not seek, and this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. In other words, for example, if an official received a mass-distribution news clip email from the Election Integrity Network, that initial email would not be responsive to this request. However, if the official forwarded that email with commentary, that subsequent message would be responsive to this request and should be produced.

31.     The request sought records from June 1, 2025, through the date the search is conducted.

32.     On September 17, 2025, USCIS acknowledged receipt of the request, assigned the request tracking number COW2025004726, granted American Oversight's request for a fee

waiver, and stated that USCIS would invoke a 10-day extension for its response to the request.

33.     As of the date of this filing, American Oversight has received no further communication from USCIS regarding this FOIA request.

*Exhaustion of Administrative Remedies*

34.     As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of final determinations regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

35.     Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

36.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

37.     American Oversight properly requested records within the possession, custody, and control of Defendants.

38.     Defendants are agencies subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

39.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to the American Oversight's FOIA requests.

40.     Defendants' failures to conduct adequate searches for responsive records violate

FOIA and applicable regulations.

41.    Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

42.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

43.    American Oversight properly requested records within the possession, custody, and control of Defendants.

44.    Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

45.    Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to American Oversight's FOIA requests.

46.    Defendants' failures to provide all non-exempt responsive records violate FOIA and applicable regulations.

47.    Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to American Oversight's FOIA requests and provide indexes justifying withholdings of any responsive records withheld under claims of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

a) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

b) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

c) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

d) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

e) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 30, 2025                    Respectfully submitted,

                                           /s/ Emma Lewis
                                           Emma Lewis
                                           D.C. Bar No. 144574
                                           AMERICAN OVERSIGHT
                                           1030 15th Street NW, B255
                                           Washington, DC 20005
                                           (202) 897-2465
                                           emma.lewis@americanoversight.org

                                           Counsel for Plaintiff